IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) |
| Plaintiff, | ) ) |
| | ) Civil Action No. |
| v. | ) ) |
| | ) COMPLAINT |
| THE GEO GROUP, INC., | ) Jury Trial Demand |
| Defendant. | ) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Carmen Sharpe-Allen and a class of similarly situated Muslim employees, who were adversely affected by such practices.

As articulated with greater particularity in Paragraphs 7 and 8 below, the Commission alleges that Defendant, The Geo Group, Inc., denied its female Muslim employees a religious accommodation to its dress code which prohibited head coverings, including the khimar, a religious head scarf. Further, Defendant terminated the employment of Ms. Sharpe-Allen and terminated or threatened to terminate the class of similarly situated Muslim employees because they sought to wear the khimar while on duty. As a result of the discriminatory practices by Defendant, Ms. Sharpe-Allen and the class of female Muslim employees have suffered severe emotional distress damages and back pay losses.

**JURISDICTION AND VENUE**

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended,

42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant The Geo Group, Inc., a service contractor to George W. Hill Correctional Facility, in Delaware County, Thorton, Pennsylvania, has been doing business in the State of Pennsylvania, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of this lawsuit, Carmen D. Sharpe-Allen filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April, 2005, Defendant has engaged in unlawful employment practices at its Thornton, Pennsylvania correctional facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against

Carmen Sharpe-Allen on the basis of religion, Islam, as follows:

(a) Carmen Sharpe-Allen is Muslim and wears a khimar pursuant to her religious faith and practices. The khimar is an Islamic religious head scarf, designed to cover the hair, forehead, sides of the head, neck, shoulders, and chest.

(b) On November 29, 2004, Ms. Sharpe-Allen began her employment as a Licensed Practical Nurse with Defendant, The Geo Group, Inc. She worked in the Medical Department at the George W. Hills Correctional Facility in Thornton, Pennsylvania, a prison managed by Defendant.

(c) Since the beginning of her employment with Defendant Employer until her termination, Ms. Sharpe-Allen wore her "khimar," while on duty, with loose ends tucked under the collar of her uniform scrub suit. On casual Fridays at work, Ms. Sharpe-Allen wore her full Muslim traditional garment.

(d) On a random basis, as an employee, Ms. Sharpe-Allen was subjected to security checks by Defendant's Correctional Officers, pursuant to established policies and practices. The security screening never presented an issue for Ms. Sharpe-Allen due to her khimar.

(e) At all times relevant to this lawsuit, Ms. Sharpe-Allen performed her job duties in an exemplary manner.

(f) As a Licensed Practical Nurse, Ms. Sharpe-Allen performed duties which brought her in regular contact with inmates and detainees in order to provide them with the necessary medical evaluations and comprehensive nursing care.

(g) In or about April, 2005, Defendant amended its Dress Code policy, to prohibit employees from wearing any and all head coverings at the prison, unless it was issued with the uniform and/or approved by the Warden.

(h)  This policy was not enforced against Ms. Sharpe-Allen until November 14, 2005, when Ms. Sharpe-Allen returned to work after a brief medical leave of absence.

(i)  Upon her return to work, Defendant Employer informed Ms. Shape-Allen that she was no longer permitted to wear her khimar while on duty, pursuant to the April 2005 amended dress code.  Defendant Employer provided Ms. Sharpe-Allen with a memorandum, dated October 24, 2005, which reminded employees of the April 2005 dress code's prohibition against wearing head coverings of any kind, including religious head garb, unless specifically approved by the Warden.

(j)  Upon being prohibited from wearing her khimar at work, Ms. Sharpe-Allen sought to seek a religious accommodation from Defendant's Warden.  On November 16, 2005, Ms. Sharpe-Allen met with Warden Nardolillo, who denied her request to wear the khimar while on duty.

(k) Warden Nardolillo informed Ms. Sharpe-Allen that she could either report to work without the khimar or be terminated for policy violation. Ms. Sharpe-Allen was unable to compromise her religious beliefs and declined to remove her khimar while on duty.

(l)  Defendant Employer terminated Ms. Sharpe-Allen, effective December 2, 2005, for alleged violation of company policy.

8.  Since at least April, 2005, Defendant has engaged in unlawful employment practices at its Thornton, Pennsylvania correctional facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by also discriminating against a class of similarly situated Muslim female employees on the basis of religion, Islam, as follows:

(a) Defendant Employer's amended dress code policy, prohibiting employees from wearing religious head covering, such as the khimar, has similarly adversely affected a class of female Muslim employees, including Correctional Officers, working at the George W. Hill Correctional

Facility.

(b) A number of similarly situated Muslim female employees have sought exceptions to the dress code policy as religious accommodations and been denied. Further, other Muslim employees have been chilled from seeking religious accommodation to the dress code due to Defendant Employer's adverse treatment or threat of adverse treatment.

(c) Defendant Employer has forced its Muslim female employees to compromise their religious beliefs by removing their khimars while on duty or risk termination.

(d) Defendant Employer failed to consider the provision of a religious accommodation to its female Muslim employees and is unable to show that it has or will suffer undue hardship.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Ms. Sharpe-Allen and the class of similarly situated Muslim employees of equal employment opportunities and otherwise adversely affect their status as employees because of religion, Muslim.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional and were done with malice or with reckless indifference to the federally protected rights of Ms. Sharpe-Allen and the class of Muslim employees.

## PRAYER FOR RELIEF

11. Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B. Order Defendant to institute and carry out policies, practices, and programs

which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

      C.    Order Defendant to make Ms. Sharpe-Allen and the class of similarly situated Muslim employees whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

      D.    Order Defendant to make Ms. Sharpe-Allen and the class of similarly situated Muslim employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, her losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

      E.    Order Defendant to pay Ms. Sharpe-Allen and the class of similarly situated Muslim employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

      F.    Grant such further relief as the Court deems necessary and proper in the public interest.

      G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    RONALD S. COOPER
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION
                    WASHINGTON, DC

                    */s/ Jacqueline H. McNair*
                    JACQUELINE H. MCNAIR
                    Regional Attorney

                    */s/ Judith O'Boyle*
                    JUDITH A. O'BOYLE
                    Supervisory Trial Attorney

                    */s/ Iris Santiago-Flores*
                    IRIS SANTIAGO-FLORES
                    Senior Trial Attorney
                    Iris.Santiago-Flores@eeoc.gov
                    Validation of Signature code: IASF3851

                    U.S. EEOC, Philadelphia District Office
                    801 Market Street, Penthouse, Suite1300
                    Philadelphia, PA 19107-3127
                    (215) 440-2684(direct)
                    (215) 440-2828(fax)